BENJAMIN CALLENDER & *al. versus* JOSEPH FURBISH and CALEB G. MOFFATT and GEORGE W. STEVENS, *Trustees.*

Where a trustee refused to answer questions propounded to him, the answers to which, however given, would not affect his liability, the Court will not order that he disclose further. *Thus*, if a trustee, being the mortgagee of goods, of which he never had possession, be interrogated concerning the property, his answers will be immaterial upon the question of his discharge.

A trustee, who appeared at the first term, made his general denial of liability, submitted to an examination, and, at the second term, completed his disclosure, which he then verified by oath, will be entitled to his costs for both terms, if he be discharged.

AT the return term of the writ, the alleged trustee, Moffatt, filed his disclosure. Whereupon the plaintiffs moved that he be ordered to disclose further, and answer certain interrogatories that had been propounded to him, relating to certain personal property, which Furbish had mortgaged to him, to indemnify him against liabilities he had assumed for said Furbish, which interrogatories he had refused to answer.

But APPLETON, J., ruled that his answer would be imma-

terial, and adjudged that the trustee be discharged, on his disclosure. To this ruling and adjudication, the plaintiffs excepted.

At the same term, the trustee, Stevens, (being in attendance as a juror) made in writing, the usual general denial of liability, and submitted to an examination; but his disclosure was not signed, and verified by oath, until the next term, when the examination was further proceeded with and finished. The trustee declined to answer questions of the same nature as those put to Moffatt. On his disclosure, he was discharged by MAY, J., who ruled that he was entitled to costs for both terms. *Plaintiffs excepted.*

*Thacher & Brother,* for plaintiffs, made the following points:

1. (As to Stevens.) A trustee is not entitled to costs, unless he declare *under oath,* at the first term, that he has no effects, &c., in his hands. R. S., 1857, c. 86, § 13.

2. But, if that position cannot be sustained, he must, at least, in order to be entitled to costs, offer himself for examination at the first term, seasonably, so that such examination may then be had. The case finds that the trustee did not offer to disclose till just before Court adjourned *sine die,* and that there was then no time for his examination. *Cleaveland* v. *Clap & al.,* 5 Mass. 207.

3. In the case at bar, the alleged trustee neither traveled nor attended for the purpose of disclosing; he was in attendance on Court, during the whole term, as a juror. He neither traveled nor attended, *to disclose.*

4. But, whatever the rights of the trustee to costs might have been, had he disclosed fully, he was neither entitled to costs nor a discharge, because he refused to answer the last interrogatory. R. S., 1857, c. 86, § 50; also c. 81, § 65.

It was necessary that the plaintiffs should know whether the mortgage was still subsisting, because they might choose to exercise the right secured to them by statute, of paying the mortgage debt, so that they might avail themselves of such property. At all events, it was a pertinent question

touching the subject matter, to which the plaintiffs had a right to require an answer. Until it was answered, the plaintiffs could not know the actual state of the property, or whether the pretended incumbrance was real or fraudulent, or, if made *bona fide,* whether it was cancelled. The general denial of liability by a trustee is in the nature of a plea, and subject to a full investigation by question and answer. *Toothaker* v. *Allen,* 41 Maine, 324. The Court cannot, indeed, compel the trustee to answer. *Lyman & al.* v. *Parker,* 33 Maine, 31. But he must answer or refuse at his peril. *Smith* v. *Cahoon & al. & Tr.,* 37 Maine, 281. If he elect to decline to disclose fully, the Court should not discharge him. It results, if the premises are right, that Stevens ought not to have been discharged.

Nor should Moffatt have been discharged, for the same reasons apply to his case.

*Wm. Fessenden,* for the trustees.

As to the question of costs:—

The trustee appeared in person at the first term; made his declaration that he had not any goods, &c., of principal defendant in his hands, and actually submitted himself to examination; which examination was commenced and was reduced to writing, and, although not completed at that time, was at a subsequent term completed, signed and sworn to, and the trustee discharged.

He has thus entitled himself to claim costs under R. S., c. 86, § § 13, 14 and 22.

The statutes of Massachusetts are, with regard to costs in trustee process, like our own:—That, if the trustee submits himself to examination at the first term, he is entitled to his costs. See *Cleaveland* v. *Clap,* 5 Mass. 201; *Lee* v. *Babcock,* 5 Mass. 212.

It is not necessary that his general answer, made the first term, should be under oath. That is actually sworn to at the first term. *Chapman* v. *Phillips,* 8 Pick. 25.

Nor is it necessary that the answer should be completed at

the first term to obtain costs. *Crocker* v. *Baker*, 18 Pick. 407; *Macomber* v. *Wright & trustees*, 35 Maine, 136.

The alleged trustee, Moffat, should be discharged; he having disclosed such facts as preclude the possibility of his being trustee of defendant.

He was mortgagee of goods, not in his possession, nor under his control. Nor had he any right of possession at the time of the service of the process upon him. *Pierce* v. *Monson*, 35 Maine, 57; *Wood* v. *Estes*, 35 Maine, 145; *Mace* v. *Heald*, 36 Maine, 136.

The questions asked, which the trustee declined to answer, were not material, nor relative to the issue; and, however answered, the answers could have no effect to charge or discharge the trustee. *Lyman* v. *Parker*, 33 Maine, 31.

The opinion of the Court was drawn up by

APPLETON, J.—It has been repeatedly held that mortgagees, not having the possession of the goods mortgaged, cannot be charged as trustees. This being the case, the interrogatories proposed to Moffat, however answered, would not affect the question of his liability, because he was not in possession of the mortgaged goods. No reason is perceived for remanding the cause for the purpose of procuring immaterial answers.

The trustee, Stevens, appeared at the first term and submitted himself to examination, and was partially examined by the counsel for the plaintiff. The cause was then continued, and, at a subsequent term and after a full examination and disclosure upon oath, he was discharged. "It has not been deemed necessary that the mere general denial of effects, which is generally made at the first appearance, should be under oath," remarks PARKER, C. J., in *Chapman* v. *Phillips*, 8 Pick. 25. "If an examination on interrogatories is intended, the oath is generally administered at the close of the examination. And this course is quite consistent with the views of the Legislature; who intended to prevent any delay on the part of the trustee, by making his title to costs depend upon his presenting himself for examination at the first term;

if he does so, and is not examined, it is the fault of the plaintiff, and the trustee ought not to be deprived of his costs. If the plaintiff is satisfied with the general denial of effects, in order to be discharged and to have his costs, the trustee must make oath to his general answer." In accordance with these views, was the decision of this Court in *Macomber* v. *Wright*, 35 Maine, 156. *Both exceptions overruled.*

TENNEY, C. J., and RICE, CUTTING, MAY, and GOODENOW, J. J., concurred.